JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DANIELA HERNANDEZ,

**14 CV 4069**

Plaintiff Demands a
Trial by Jury

Plaintiff,

-against-

PFIP, LLC, individually and d/b/a PLANET FITNESS,
PF INVESTORS, LLC, 2480 GRAND CONCOURSE
FITNESS GROUP, LLC, and PFNY, LLC,

**COMPLAINT**

Civ No.



Defendants.

------------------------------------------------------------x

Plaintiff, DANIELA HERNANDEZ, by her attorneys, DEREK SMITH LAW

GROUP PLLC, hereby complains of Defendants upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to TITLE VII of the Civil Rights Act of 1964 as
   amended, 42 U.S.C § 2000e et. Seq. ("Title VII") and to remedy violations of the
   Administrative Code of the City of New York and the laws of the State of New
   York, based upon the supplemental jurisdiction of this Court pursuant to Gibb, 38
   U.S. 715 (1966) and 28 U.S.C. § 1367 seeking declaratory and injunctive relief and
   damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*,
   sex/gender discrimination, sexual assault, sexual harassment, retaliation and
   constructive discharge by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court as this action involves a Federal Question under Title VII of the Civil Rights Act of 1964. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in that the acts or occurrences took place in the County of Bronx, in the State of New York.

## PARTIES

4. Plaintiff DANIELA HERNANDEZ (hereinafter also referred to as Plaintiff) is an individual woman who is a resident of the County of Bronx, State of New York.

5. Plaintiff is referred to herein as DANIELA HERNANDEZ due to the extreme hardship such revelation of her identity would cause. "Courts have discretion to permit such pleading in appropriate circumstances." See *Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D.N.Y. 2006)

6. At all times material, Defendant PFIP, LLC individually and d/b/a PLANET FITNESS is a domestic limited liability company doing business in the State of New York.

7. At all times material, Defendant PFIP, LLC individually and d/b/a PLANET FITNESS operates a fitness and recreational sports center located at 2480 Grand Concourse, Bronx, New York 10458.

8. At all times material, Defendant PF INVESTORS, LLC is a domestic limited liability company doing business in the State of New York.

9. At all times material, Defendant 2480 GRAND CONCOURSE FITNESS GROUP, LLC is a domestic limited liability company doing business in the State of New York.

10. At all times material, Defendant PFNY, LLC is a domestic limited liability company doing business in the State of New York.

11. At all times material Plaintiff was an employee of Defendant PFIP, LLC d/b/a PLANET FITNESS, PF INVESTORS, LLC, 2480 GRAND CONCOURSE FITNESS GROUP, LLC and/or PFNY, LLC.

12. At all times material, Defendants were joint employers of Plaintiff.


## MATERIAL FACTS

13. On or about July 5, 2013, Plaintiff began working for Defendants as a Guest Service Specialist which involved assisting gym members.

14. From the start, Defendants' Manager ("DEFENDANTS' MANAGER") knew that Plaintiff DANIELA HERNANDEZ was extremely vulnerable and needed the job so Plaintiff would not be homeless and living on the street.

15. In or around August, 2013, approximately one month after the start of Plaintiff's employment, DEFENDANTS' MANAGER began making continual inappropriate sexual comments and innuendos towards and around Plaintiff.

16. Immediately following Plaintiff's hiring, DEFENDANTS' MANAGER made it clear to Plaintiff that she was not hired for anything but her body telling Plaintiff "I hired you with my penis, not with my brains."

17. This made Plaintiff extremely uncomfortable knowing that DEFENDANT'S MANAGER was her supervisor and that his conduct was extremely offensive and horrific.

18. On or about August 6, 2013, DEFENDANTS' MANAGER held a mandatory staff meeting in his office. Plaintiff DANIELA HERNANDEZ was not scheduled to work on this day, but was told to be present at the meeting regardless.

19. At the conclusion of the meeting, DEFENDANTS' MANAGER dismissed all of his employees except Plaintiff DANIELA HERNANDEZ. Plaintiff was ordered to stay behind.

20. Once the office was emptied out of employees, DEFENDANTS' MANAGER then locked the office door securely and made sure that all of the surveillance cameras were put on review mode (as opposed to recording mode) to be able to observe if anyone was approaching the office.

21. After DEFENDANTS' MANAGER took deliberate actions to be cautious and to make sure he would not be caught in the act, DEFENDANTS' MANAGER stood in front of Plaintiff DANIELA HERNANDEZ, unzipped his pants, pulled out his penis and forcibly grabbed Plaintiff's left hand. Plaintiff DANIELA HERNANDEZ then asked DEFENDANTS' MANAGER "What the hell are you doing?" DEFENDANTS' MANAGER replied "I want a hand job from you NOW!"

22. DEFENDANTS' MANAGER had Plaintiff captive in the office. Therefore, Plaintiff was forced to comply with Defendants' orders.

23. Once finished, DEFENDANTS' MANAGER ejaculated all over the office floor.

24. DEFENDANTS' MANAGER then said to Plaintiff "Don't forget. Keep quiet. You can be easily replaced."

25. DEFENDANTS' MANAGER then dismissed Plaintiff from the office and went about his daily work routine.

26. On a constant basis, DEFENDANTS' MANAGER would tell Plaintiff "You have some juicy tits."

27. On a constant basis, DEFENDANTS' MANAGER would tell Plaintiff "I can't wait to invade that ass."

28. On one occasion, DEFENDANTS' MANAGER requested that Plaintiff vacuum behind the front desk at Defendant PLANET FITNESS. Plaintiff asked one of her co-workers to help her pull the desk out to vacuum behind the desk, DEFENDANTS' MANAGER laughed and said "Pull it out, huh" referring to Defendant's penis being pulled out of Plaintiff DANIELA HERNANDEZ.

29. On another occasion, Plaintiff DANIELA HERNANDEZ asked a co-worker to borrow some lip balm, DEFENDANTS' MANAGER responded "What do you want? You want to hold my business?" grabbing his penis in front of staff members.

30. On many occasions, Plaintiff would be working behind the front desk. DEFENDANTS' MANAGER would stand really close behind Plaintiff. Defendants' Manager's erect penis would be touching Plaintiff's buttocks.

31. On numerous occasions, DEFENDANTS' MANAGER would grab Plaintiff by the back of her hair and bang in to Plaintiff insinuating sexual intercourse.

32. Despite Plaintiff's numerous objections, DEFENDANTS' MANAGER would still make sexual comments and gestures.

33. On or about September 3, 2013, a similar scenario took place as the previous situation wherein DEFENDANTS' MANAGER sexually harassed and assaulted Plaintiff again.

34. DEFENDANTS' MANAGER held a mandatory staff meeting in his office. Plaintiff DANIELA HERNANDEZ was not scheduled to work on this day, but again was told to be present at the meeting regardless.

35. At the conclusion of the meeting, DEFENDANTS' MANAGER dismissed all of his employees except Plaintiff DANIELA HERNANDEZ. Plaintiff was again ordered to stay behind.

36. Once the office was emptied out of employees, like before, DEFENDANTS' MANAGER then locked the office door securely and made sure that all of the surveillance cameras were put on review mode (as opposed to recording mode) to be able to observe if anyone was approaching the office.

37. On this occasion, DEFENDANTS' MANAGER insisted that Plaintiff perform oral sex on him. DEFENDANTS' MANAGER told Plaintiff "Now, You will give me head."

38. Once again, Plaintiff had no other option but to obey DEFENDANTS' MANAGER, as Plaintiff was once again scared and being held captive in the office with Defendant.

39. Once finished, Plaintiff once again ejaculated onto the floor and left.

40. Plaintiff DANIELA HERNANDEZ was terrified to be at work in Defendants' Manager's presence.

41. Plaintiff DANIELA HERNANDEZ feared for her safety.

42. For Plaintiff, quitting was not an option. Albeit severely hostile, Plaintiff had to continue working in such an environment. She was homeless before obtaining the job and could not risk becoming homeless again.

43. On or about October 8, 2013, Plaintiff DANIELA HERNANDEZ was working her scheduled shift. Plaintiff was in the back maintenance office working when DEFENDANTS' MANAGER came up behind Plaintiff, shut and locked the door and forced Plaintiff to have sex with him, thereby raping her.

44. When DEFENDANTS' MANAGER forcibly entered Plaintiff with his penis he said to Plaintiff "I can't believe I'm doing this all over again."

45. Plaintiff DANIELA HERNANDEZ then realized that Defendant had clearly done this to other women before.

46. Unable to endure the physical and psychological abuse, On or about October 8, 2013, Plaintiff was constructively discharged. Despite her vulnerable economic condition, Plaintiff found the courage to quit.

47. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

49. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdiction of all lower Courts.

50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against all the Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITILE VII
### (Not Against Individual Defendants)

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. On or about January 30, 2014 and then also on March 5, 2014, Plaintiff filed charges with the EEOC regarding Plaintiff's complaints of discrimination, harassment and retaliation.

53. On or about April 28, 2014, the EEOC issued a Right to Sue Letter.

54. This action is being commenced within 90 days of receipt of the Right to Sue Letter.

55. Title VII states in relevant parts as follows: SEC. 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

56. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. $2000e *et seq.*, by discriminating against Plaintiff because of her sex.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

59. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER STATE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

61. Executive Law Section Executive Law § 296 provides that "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an

individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment"

62. Defendants violated the section cited herein by discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex, together with sexual harassment and retaliation.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## AIDING AND ABETTING

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so".

65. Defendants violated the section cited herein as set forth.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW
## RETALIATION

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New York State Executive Law $296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article".

68. Defendants violated the section cited herein as set forth.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. The Administrative Code of City of New York $ 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

71. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, $8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender.

## AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. The Administrative code of City of New York $ 8-107 [1](c) provides that it shall be unlawful discriminatory practice: "For an employer... to discharge... or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter..."

74. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title $ 8-107 [1](e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS AN EIGHTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. The Administrative code of City of New York $ 8-107 (19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account

of his or her having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected pursuant to this section.

77. Defendants violated the section cited herein as set forth.


## AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE SUPERVISOR LIABILITY

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. The Administrative code of City of New York $ 8-107 (13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any position of this section other than subdivisions one or two of this section.

(b) An employer should be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) The employee or agent exercised managerial or supervisory responsibility; or

(2) The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that

conduct was known by another employee or agent who exercised

managerial or supervisory responsibility; or

(3) The employer should have known of the employee's or agent's

discriminatory conduct and failed to exercise reasonable diligence to

prevent such discriminatory conduct.

80. Defendants violated the section cited herein as set forth.

## JURY DEMAND

Plaintiff demands a jury on all issues to be tried.

**WHEREFORE,** Plaintiff respectfully demands against Defendants in an amount which

exceeds the jurisdiction of all lower courts and issue:

(a) An award to Plaintiff of compensatory damages in an amount to be determined at

trial for all damages including but not limited to lost wages, past and future as well

as for the humiliation, pain and suffering and emotional distress sustained;

(b) An award of punitive damages in an amount to be determined at trial;

(c) An award to Plaintiff of the costs of this action, including their reasonable attorney's

fees to the fullest extent permitted by law; and

(d) Such other and further relief as this Court deems necessary and proper.

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  June 4, 2014
        New York, New York

DEREK SMITH LAW GROUP, PLLC
Attorneys for Plaintiff

By: _____

Derek T. Smith, Esq.
30 Broad Street, 35th floor
New York, New York 10004
(212) 587-0760